NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALBIR SINGH GILL, | No. 16-73243 |
| Petitioner, | Agency No. A205-934-925 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2018
San Francisco, California

Before: FISHER and M. SMITH, Circuit Judges, and BUCKLO,** District Judge.

Balbir Singh Gill, a native and citizen of India, petitions for review of a

Board of Immigration Appeals ("BIA") decision adopting and affirming an

immigration judge's ("IJ") denial of his application for asylum, withholding of

removal, humanitarian asylum, and protection under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision pursuant to *Matter of Burbano*, 20 I & N Dec. 872 (BIA 1994), and added its own analysis, we review both agency decisions.[1] *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review questions of law de novo and questions of fact for whether they are supported by substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny the petition for review.

With respect to Gill's asylum and withholding of removal claims, substantial evidence supports the agency's determination that Gill could safely and reasonably relocate to one of the Sikh communities outside of Punjab to avoid future persecution based on his membership in and political activism with the Shiromani Akali Dal Amritsar Party ("Mann Party"). On appeal, Gill argues that the government's proposed area of relocation needed to be more narrowly drawn. We rejected a similar argument in *Singh v. Whitaker*, No. 16-70823, 2019 WL 310400, at *4 (9th Cir. Jan. 24, 2019), and we do so here as well.

Gill also argues that the agency failed to conduct a sufficiently individualized analysis of Gill's claims. We disagree. Unlike *Singh v. Whitaker*, where the agency limited its analysis to whether Punjabi police would search for the petitioner in a new state based on his past political activities, *id.* at *5, the

---

[1]     We refer to the BIA and the IJ collectively as "the agency."

agency here considered whether Gill's active membership in the Mann Party would expose him to harm by local authorities or other actors outside of Punjab. Relying on the government's country conditions evidence, the agency concluded that a "low-level" Mann Party member like Gill would not likely face persecution for his political beliefs in other parts of India. The record does not compel a contrary conclusion. *See Singh v. Holder*, 753 F.3d 826, 831 (9th Cir. 2014) ("[I]t is well established that a decision is supported by substantial evidence despite the presence of conflicting or ambiguous information in the country reports." (citations omitted)).

The agency's denial of Gill's claim for humanitarian asylum is also supported by substantial evidence. The persecution that Gill endured in Punjab, though disturbing, does not rise to the level of severity required for humanitarian relief. *See Singh*, 2019 WL 310400, at *6. Although the agency's explanation for denying this relief is brief, it demonstrates that the agency "heard, considered and decided" Gill's claim. *Marcu v. I.N.S.*, 147 F.3d 1078, 1082 (9th Cir. 1998) (quoting *Rodriguez-Matamoros v. I.N.S.*, 86 F.3d 158, 160 (9th Cir. 1996)). Nothing more is required.

Finally, substantial evidence supports the agency's denial of Gill's claim for CAT relief. To be entitled to CAT protection, Gill had to demonstrate that it was more likely than not that he would be tortured by or with the acquiescence of

government officials if removed to India. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001). Consistent with its determination that Gill could safely and reasonably relocate in India, the agency determined that Gill had not met his burden of showing that it was more likely than not that he would be tortured if he returned there. *See* 8 C.F.R. §§ 1208.16(c)(3). The record does not compel a contrary conclusion, nor does it reveal that the agency ignored evidence relevant to Gill's claim.

**PETITION FOR REVIEW DENIED.**

16-73243